**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
MEL THOMPSON,                 :
                             :
     Plaintiff,              :
                             :
v.                           :    Civil No. 3:11CV31(AWT)
                             :
SUSAN C. REEVE,              :
MICHELLE T. ANGERS,          :
ALAN GANNUSCIO,              :
CARL CICCHETTI,              :
CHUCK DELLAROCCO,            :
CHASE T. ROGERS, in her      :
administrative capacity as   :
head of Connecticut Judicial :
Branch, WILLIAM J. LAVERY, in :
his official capacity as     :
Chief Court Administrator of :
Connecticut Judicial Branch, :
BARBARA M. QUINN, in her     :
official capacity as Chief   :
Court Administrator of       :
Connecticut Judicial Branch, :
and PAUL HARTAN,             :
                             :
     Defendants.             :
                             :
-----------------------------x
```

<u>**RULING ON MOTION TO DISMISS**</u>

The plaintiff, Mel Thompson, asserts fifteen claims, each arising out of actions taken by the defendants, in their capacity as Connecticut State employees, relating to the administration of a case in Connecticut Superior Court in which the plaintiff was a defendant.  The defendants have moved to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction under the Eleventh Amendment, and the motion to dismiss is being

1

granted.

## I.  FACTUAL BACKGROUND

In April 2007, the plaintiff was sued in Connecticut Superior Court for breach of contract and on other claims.  <u>See Martin Mendoza v. Mel Thompson</u>, Doc. No. UWY CV07 5011712 (Conn. Super. Ct.).  The plaintiff filed a counterclaim, in which he also alleged breach of contract.  The Superior Court bifurcated the trial under Conn. Gen. Stat. § 52-205, which resulted in the plaintiff was not being allowed to present evidence relevant to his counterclaim in the trial of the breach of contract claim against him.  Thompson claims this evidence was central to his defense to the breach of contract claim against him.  The plaintiff also claims that during the course of the litigation he was denied access to the state's electronic filing system, under Conn. Prac. Book § 4-4, because of his pro se status and that this was especially prejudicial because opposing counsel failed to send him copies of filings made electronically.  Finally, the plaintiff claims that, unlike his opponent's counsel, who is a licensed Connecticut attorney, he was unable to issue subpoenas under Conn. Gen. Stat. §§ 52-143 and 52-148e without first obtaining the Superior Court's permission and that "said subpoena was limited to only court hearings and not depositions or the discovery process in general."  (Am. Comp'l ¶ 41.)

The plaintiff was granted an extension of time within which

to file an appeal from an order issuing a prejudgment remedy. The plaintiff alleges that there was a 40 day delay in notifying him that he was missing the Court Reporters Acknowledgment form. He called and left a voice mail message complaining about the delay but did not receive a response.  His appeal was dismissed as having been filed late.

The plaintiff filed a second appeal.  On July 31, 2010, the plaintiff was notified that his appeal would be dismissed if he did not submit a completed Court Reporters Acknowledgment form. On August 10, 2010, the plaintiff submitted a Court Reporters Acknowledgment form.  The plaintiff's appeal was dismissed on August 23, 2010 because the Court Reporters Acknowledgment form was not fully completed.

## II.  LEGAL STANDARD

A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).  On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the buren of proving subject matter jurisdiction by a preponderance of the evidence." Aurechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).  When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence

outside the pleadings.  <u>See</u>  <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000).

Otherwise, the standards for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) are identical.  <u>See</u> <u>Lerner v. Fleet Bank, N.A.</u>, 318 F.3d 113, 128 (2d Cir. 2004).  When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 550, 555 (2007), <u>citing</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 557 (internal quotation marks omitted)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  However, the plaintiff must plead "only enough facts

to state a claim to relief that is plausible on its face." Id. at 570.  "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

     In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

     When considering the sufficiency of the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996).  Furthermore, the court should interpret the plaintiff's complaint "to raise the

5

strongest arguments [it] suggest[s]."  Burgos v. Hopkins, 14 F.3d
787, 790 (2d Cir. 1994).

**III. DISCUSSION**

**A.    Rooker-Feldman Doctrine**

The defendants argue that the court lacks subject-matter
jurisdiction pursuant to the Rooker-Feldman doctrine.  "Rooker-
Feldman directs federal courts to abstain from considering claims
when four requirements are met: (1) the plaintiff lost in state
court, (2) the plaintiff complains of injuries caused by the
state court judgment, (3) the plaintiff invites district court
review of that judgment, and (4) the state court judgment was
entered before the plaintiff's federal suit commenced."
McKitchen v. Brown (McKitchen II), 626 F.3d 143, 154 (2d Cir.
2010).  Rooker-Feldman occupies a "narrow ground."  Skinner v.
Switzer, 131 S. Ct. 1289, 1297 (2011)."'If a federal plaintiff
present[s] [an] independent claim,' it is not an impediment to
the exercise of federal jurisdiction that the 'same or a related
question' was earlier aired between the parties in state court.'"
Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S.
294, 292-93 (2005)) (alterations in original).  Therefore, while
"a state-court decision is not reviewable by lower federal
courts, . . . a statute or rule governing the decision may be
challenged in a federal action."  Id. at 1298.

The plaintiff's amended complaint contains fifteen counts

that can be divided into two broad categories: (1) those
challenging the constitutionality of provisions of the
Connecticut General Statutes and sections of the Connecticut
Practice Book that were applied during the course of the trial
(counts seven through fifteen); and (2) those challenging the
constitutionality of actions taken by clerk's office staff in the
Superior Court in dismissing the two appeals the plaintiff took
to challenge the trial court's judgment (counts one through six).

While the claims in the first category raise factual and
legal issues that are the same or related to issues raised before
the state court, each count presents a claim that is independent
of those decided by the state court.  Rather than seeking an
appeal of determinations made by the state court, the plaintiff
is challenging as unconstitutional the statutes or rules that
governed those decisions.  Therefore, Rooker-Feldman does not
operate as a bar this court's jurisdiction over counts seven
through fifteen.  See Skinner v. Switzer, 131 S. Ct. 1289, 1298
(2011) ("[A] state-court decision is not reviewwable by lower
federal courts, but a statute or rule governing the decision may
be challenged in a federal action.")

In the counts in the second category, the plaintiff asks
this court to declare that the decisions by the defendants
dismissing his appeals were unconstitutional (declaratory relief)
and to require that the appeals be reinstated (injunctive

7

relief).  These counts directly challenge the decisions made by
the Connecticut Superior Court to dismiss the plaintiff's
appeals.  Therefore, pursuant to the Rooker-Feldman doctrine,
this court lacks subject matter jurisdiction over counts one
through six.

>    **B.    The Eleventh Amendment**

As to the remaining counts, the defendants argue that the
court lacks subject-matter jurisdiction pursuant to the Eleventh
Amendment because the plaintiff seeks solely retrospective
relief.  The court agrees.

The Eleventh Amendment provides that "[t]he Judicial power
of the United States shall not be construed to extend to any suit
in law or equity, commenced or prosecuted against one of the
United States by Citizens of another State, or by Citizens or
Subjects of any Foreign State."  U.S. Const. amend. XI.  "[T]he
Supreme Court has consistently held that the federal courts lack
jurisdiction not only over suits against a state brought by
citizens of other states, as the literal language of the
Amendment provides, but also over suits against such states
brought by their own citizens."  Dwyer v. Regan, 777 F.2d 825,
835 (2d Cir. 1985) (citations omitted).

>    The landmark case of Ex parte Young, created an
>    exception to this general principle by asserting that a
>    suit challenging the constitutionality of a state
>    official's action in enforcing state law is not one
>    against the State.  The theory of Young was that an
>    unconstitutional statute is void, and therefore does not

> "impart to [the official] any immunity from
> responsibility to the supreme authority of the United
> States." Young also held that the Eleventh Amendment
> does not prevent federal courts from granting prospective
> relief to prevent a continuing violation of federal law.
> We have refused to extend the reasoning of Young,
> however, to claims for retrospective relief.

Green v. Mansour, 474 U.S. 64, 68 (1985) (quoting Ex parte Young,

209 U.S. 123, 160 (1908)) (internal citations omitted)

(alterations in original). The Supreme Court has distinguished

between prospective relief and retrospective relief because while

"[r]emedies designed to end a continuing violation of federal law

are necessary to vindicate the federal interest in assuring the

supremacy of that law . . . compensatory or deterrence interests

are insufficient to overcome the dictates of the Eleventh

Amendment." Id.

The plaintiff has sued each of the defendants in their

official capacities seeking purely retrospective relief. In each

count of his amended complaint, the plaintiff states that he is

seeking relief in the form of a declaratory judgment. (See Am.

Comp'l for Declaratory and Injunctive Relief ¶¶ 387, 388, 404,

405, 421, 422, 437, 438, 439, 454, 455, 456, 471, 472, 473, 488,

489, 490, 509, 510, 528, 529). These counts allege that the

plaintiff's rights were violated during the administration of the

Connecticut Superior Court case. It is clear in each paragraph

that the plaintiff is asserting a claim that his rights were

violated in the context of the case in Superior Court, rather

9

than a claim that there is a continuing violation of law that the request for declaratory relief is designed to address.  (See, e.g., ¶ 387 ("The plaintiff seeks a declaratory judgment that Conn. Gen. Stat. § 52-205 is unconstitutional in that it lacks any policy, procedure or test that would dictate when and if Superior Court Judge Kevin Dubay could have bifurcated a trial *in the case of Martin Mendoza v. Mel Thompson.*"(emphasis added))). The plaintiff's requests for injunctive relief precluding enforcement of the judgment against him in the Superior Court case are even more explicitly retrospective relief aimed at addressing alleged violations caused by the state employees during the administration of his case.  (See ¶¶ 389, 406, 423, 440, 457, 474, 491, 511, 530.)

## IV.  CONCLUSION

Because the court lacks subject matter jurisdiction, the Motion to Dismiss (Doc. No. 26) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Dated this 4th day of March 2013, at Hartford, Connecticut.


_____/s/AWT_____
Alvin W. Thompson
United States District Judge